

FILED

11/04/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0418

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 20-0418

WADE AYALA,

      Plaintiff, Counterclaim-Defendant
      and Appellee,

    v.

GAIL STAFFORD,

      Defendant, Counter-Claimant,
      Third-Party Plaintiff and Appellant,

    v.

RECONTRUST COMPANY, N.A.; BANK OF
AMERICA, N.A.; EQUITY PROCESS
MANAGEMENT, INC.; FEDERAL NATIONAL
MORTGAGE ASSOCIATION; and DOES 1-10,

      Third-Party Defendants, Appellees
      and Cross-Appellants,

EQUITY PROCESS MANAGEMENT, INC.;
PAMELA PFAFF, Personal Representative of the
Estate of JOSEPH NOWAKOWSKI;
BRANDY LOU AYALA, SADIE LYNN
BARRETT; and DOES 1-10,

      Third-Party Defendants and Appellees.

ORDER

FILED

NOV 0 4 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Appellee Wade Ayala seeks relief from the Second Judicial District Court's September 30, 2020 order approving Appellant Gail Stafford's $7,500 supersedeas bond and staying its summary judgment against her pending appeal to this Court. Ayala purchased the property on which Stafford resides in January 2018 from the Federal National Mortgage Association (Fannie Mae), which had bought the property at public auction in December 2012.

Stafford leased a home on the property beginning in January 2010 and has lived there since. Fannie Mae brought an unlawful detainer action against Stafford in 2013, which Stafford defended on the ground that Fannie Mae did not legally own the property, as it had no representative present at the 2012 public auction. We upheld the District Court's 2018 dismissal of Fannie Mae's unlawful detainer claim and Stafford's counterclaim, agreeing that Fannie Mae's sale of the property mooted its complaint for unlawful detainer and affirming the trial court's refusal to allow Stafford to amend her counterclaim to add new claims and new parties. *Fannie Mae v. Stafford*, 2019 MT 114N, 2019 Mont. LEXIS 174.

In the meantime, several months after taking title to the property, Ayala filed the instant action for unlawful detainer against Stafford. Stafford counter-claimed against Ayala and filed a third-party complaint against the several entities involved in the 2012 Trustee's Sale. The District Court ruled in July 2020 that Ayala was entitled to summary judgment on Stafford's claim to ownership and possession of the property. The summary judgment order did not dispose of Ayala's claims for unlawful detainer and treble damages. In the same order, the court denied in part the Third-Party Defendants' various motions to dismiss and for summary judgment, and claims against them remain pending. Stafford appealed the summary judgment in Ayala's favor on her counterclaims. Ayala concedes that—notwithstanding lack of a final judgment in the case—Stafford's appeal is properly before the Court under M. R. App. P. 6(3)(h), as it is "an order directing the delivery, transfer, or surrender of property." He points out, however, that the District Court has not entered either the order of possession or the writ of assistance that he submitted following its grant of partial summary judgment.

In compliance with M. R. App. P. 22(1) and M. R. Civ. P. 62(d), Stafford moved the District Court to stay its summary judgment ruling pending her appeal. She argued that without a stay of the order, Stafford will be forced to surrender her possession and control of the property pending the appeal, which is precisely the act she has sought to avoid by her years-long efforts to establish a right to the property. Stafford proposed a supersedeas bond of $7,500 as adequate to secure any losses "for the use and detention of the property, the costs of the action, costs on appeal, interest, and damages for delay." M. R. App. 22(1)(b). Stafford argued that her appeal was not intended to prevent Ayala from using or accessing the subject property as long as he did

not "violate Stafford's rights in the property" and that Ayala's use of the property is minimal as he does not reside there "and is currently earning rental income from the front house." (Stafford resides in the back house.) She argued that the potential for disruption to the property also is minimal, as Stafford has been living there for over the last decade, and that her requested stay was "not intended to hinder other legal use by Ayala or in any way detain the property." On the other hand, Stafford argued, her dispossession of the property would be "ruinous to her" and would result in irreparable harm. After the parties thoroughly briefed Stafford's motion, the District Court, "having been advised of the premises therein," approved the supersedeas bond and granted the stay without comment or analysis.

Ayala seeks relief from the court's order, arguing that the District Court abused its discretion by failing to set forth any analysis or consideration of the factors that may support a stay. Ayala contends that Stafford has resided on the property as a holdover tenant for nearly a decade and that the supersedeas bond is inadequate to protect his interests and causes him substantial injustice. Stafford responds that Ayala has not met the requirements for relief from a stay, that the District Court adequately incorporated Stafford's rationale for the stay and for the amount of bond and did not abuse its discretion, and that any failure of the court to explain its rationale should result in remand for further analysis rather than in reversal of the stay.

Under this Court's Rules of Appellate Procedure, if a District Court grants or denies a stay pending appeal, a motion for relief from that order may be filed in the Supreme Court within eleven days of the District Court's order. M. R. App. P. 22(2). The motion must include an affidavit demonstrating good cause and include a copy of the District Court's order and relevant documents from the record. Ayala has provided the Court with relevant record documents but did not support his motion with an affidavit showing good cause. Aside from disputing the merits of Stafford's appeal, the principal basis for his argument is that a $7,500 bond is wholly inadequate to protect his interests, especially considering his entitlement to treble damages for Stafford's holdover tenancy.

The parties contested and fully briefed before the District Court the adequacy of the supersedeas bond. They have sharp dispute over the rental value of the back house that Stafford occupies and the amount of treble damages, if any, to which Ayala ultimately may be entitled.

3

Stafford included affidavits with her request, including one from a residential and commercial property manager assessing his estimate of rental value from inspection of the property. Though it would have been preferable for the District Court to provide its basis for ruling, we can discern from the court's order and the rationale supplied in Stafford's briefs and affidavits that it adopted her position as to the adequacy of the bond. On the whole, considering the underlying record and without supporting affidavit or contrary evidence from Ayala, we conclude that he has not shown good cause for relief from the District Court's order.

IT IS THEREFORE ORDERED that Ayala's motion for relief from the District Court's order granting a stay pending appeal is DENIED.

The Clerk is directed to provide copies of this order to all counsel of record.

DATED this 4 day of November, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

4